## Case No. 12,345.

### The SARAH HARRIS.

[7 Ben. 28.] [1]

District Court, S. D. New York.   Oct.. 1873. [2]

MARITIME LIEN—SALE OF VESSEL BY MASTER—
RATIFICATION.

1. A vessel, which had put into St. Thomas in distress, was there sold by her master. The purchasers at the sale put in one of themselves as master, and obtained advances from L. & Co., merchants there, to refit the vessel, which advances were made on the credit of the vessel. After the vessel had been repaired, she was sent to New York, where L. & Co. libelled her, in this court, for such advances. The former owners of the vessel, who had received their insurance on the vessel, and had also received from L. & Co. the net proceeds of the sale, filed a libel in this court, after the filing of L. & Co.'s libel, to recover possession of the vessel, which suit, by arrangement with the purchasers at the sale, resulted in a decree restoring the vessel to such former owners. They then contested the libel of L. & Co.. claiming that the sale of the vessel was unauthorized, and that it gave the purchasers at it no power to bind the vessel: *Held*, that the question of the validity of the sale need not be considered, because the claimants were estopped, as against the libellants. from setting up its invalidity, they having ratified it by accepting the insurance, and by accepting the net proceeds of the sale when sent to them by the libellants, and by such arrangement with the purchasers.

2. The purchasers, therefore, were, so far as concerned this suit, lawfully in possession of the vessel; and that the libellants had a lien on her for the moneys advanced by them on her credit, to her then master, for necessary repairs to her.

[Cited in Nippert v. The Williams. 39 Fed. 826.]

This was a libel, filed June 5th, 1871, by Lamb & Co., merchants at St. Thomas, W. I., to recover $2,270, the balance of an amount of moneys advanced by them in January, 1871, as they alleged, on the request of Terence Cochran, master of the brig Sarah Harris, for the purpose of paying for repairs on the brig at St. Thomas, she being there a foreign vessel. John Harris, of Annapolis, Nova Scotia, answered the libel, alleging that he and one Jones were owners of the brig in 1870, and sent her to sea under the command of one Jollyman: that she put in at St. Thomas in distress, where a plan was devised, by Jollyman and others, for her sale there, and her purchase by the said Terence Cochran and two others; that she was so sold, and the purchasers agreed with the libellants that the latter should disburse the vessel; that she was sold without necessity, and bought by Cochran and the others, who put Cochran in as master, and had her fitted out and sent to sea, and she arrived in New York in June, 1871: that neither the sale nor the distress of the vessel was known to the former owners at the time, and the sale was unauthorized and void; that, after her arrival in New York, the former owners filed a possessory libel, in June, 1871, against her, and obtained a decree restoring her to them; and that the purchasers at the sale at St. Thomas had no authority to create a lien on the vessel. It appeared that Harris, the claimant, acting for the former owners, had not only collected insurance on the vessel as lost, but had received from the libellants the net proceeds of the sale of the vessel, and that the decree of restoration had been obtained by a compromise between him and the purchasers at the sale at St. Thomas.

John E. Burrill and C. Donohue, for libellants.

E. D. McCarthy, for claimant.

BLATCHFORD, District Judge. The answer sets up that the condemnation and sale of the brig at St. Thomas were fraudulent and without necessity, and are not binding on the claimant and do not affect his title to the vessel. It is not necessary to consider the question of the validity or invalidity of such sale, for the claimant is estopped, as against the libellants, from setting up its invalidity, because he ratified and affirmed it by his acceptance of the insurance money, and by his acceptance and retention of the entire net proceeds of the sale of the vessel, when such proceeds were sent to him by the libellants, and by his arrangement with those whom he now alleges to have been fraudulent purchasers of the vessel, at the time he obtained possession of her again. Regarding this vessel, then, as she must be regarded, as being, for the purposes of this suit, lawfully in the possession of those who actually controlled her at St. Thomas when the libellants furnished moneys there for supplies and repairs to her, it is manifest, on the testimony, that what supplies and repairs were furnished were, so far as they were necessary, furnished on the credit of the vessel, so as to create a lien therefor on the vessel, under the maritime law. That lien extended to the moneys the libellants advanced to pay for the necessary supplies and repairs, and was not displaced by the substitution therefor, either originally or afterwards, of any personal credit.

The proceeding taken in this court, by the claimant, to recover possession of the vessel, cannot affect the rights of the libellants in this suit. The libellants are entitled to an interlocutory decree establishing a lien in their favor on the vessel for the moneys they advanced or disbursed to her master, Terence Cochran, or otherwise, at St. Thomas, for repairing, supplying and refitting the vessel, so far as such moneys were necessarily disbursed to pay for repairs and supplies which were necessary and proper to enable the vessel to proceed to sea with safety; and there must be a reference to ascertain the amount of such moneys.

[On appeal to the circuit court, the decree of this court was affirmed. Case No. 12,347. For

---

[1] [Reported by Robert D. Benedict. Esq.. and B. Lincoln Benedict. Esq..and here reprinted by permission.]

[2] [Affirmed in Case No. 12,347.]

a hearing on exceptions to the commissioner's report. as ordered in the above decree, see Id. 12,346.]